**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

STEVEN APPLE, and
NANCY APPLE,

      Plaintiffs,

vs.                                   CASE NO. 3:09-cv-398-J-25TEM

ALLSTATE INSURANCE COMPANY,
a corporation authorized and doing
business in Florida,

      Defendant.

_____

## O R D E R

This matter is before the Court on Plaintiffs' Motion to Compel Appraisal and Memorandum of Law (Doc. #59-1, Motion), filed April 15, 2010. For the reasons stated herein, the Motion shall be denied.

It should be noted that Plaintiffs previously filed the instant motion on January 6, 2010 (*see* Doc. #37). This document was subsequently stricken by Order of the Court on January 7, 2010 because Plaintiffs' counsel filed the Motion without first conferring with opposing counsel in accordance with Local Rule 3.01(g) (*see* Doc. #40, Order to Strike).

Prior to the Court's entry to the Order to Strike, however, Plaintiffs re-filed the motion (*see* Doc. #39). This document, likewise, did not contain a Local Rule 3.01(g) certification and was inadvertently deleted from the record pursuant to the Court's January 7, 2010 Order striking Document #37. On January 22, 2010, however, Defendant Allstate Insurance Company filed a response in opposition to Document #39 (*see* Doc. #46).

Upon discovering the inadvertent deletion of Document #39, the Court directed Plaintiffs to re-file the document without alteration. In accordance therewith, on April 15, 2010, Plaintiffs filed a notice of re-filing Document #39 (*see* Doc. #59), attaching the motion thereto (Doc. #59-1). Thus, pending before the Court is Plaintiffs' Motion to Compel Appraisal and Memorandum of Law (Doc. #59-1) and Defendant's response in opposition thereto (Doc. #46).

On December 18, 2009, Plaintiffs filed a Third Amended Complaint alleging, *inter alia*, breach of contract against Allstate Insurance Company ("Defendant") (Doc. #33). Plaintiffs' lawsuit arises out of a flooding of their residence that occurred on or about October 2, 2007 (*see* Doc. #33, Third Amended Complaint). Subsequent to that event, Plaintiffs notified Defendant of a potential claim for benefits under their Standard Flood Insurance Policy ("SFIP"). Defendant, by way of Michael Potter, an independent adjuster, inspected the property on October 10, 2007 (*see* Doc. #46 at 5). The adjuster found that the property sustained a general condition of flooding and determined that there was $62,915.60 in building damages and $20,463.26 in contents damages (Doc. #46 at 5).

Plaintiffs were apparently not satisfied with the payment they received from Defendant and submitted a request for a supplemental payment (Doc. #46 at 6). In support of their request for a supplemental payment, Plaintiffs submitted an estimate from Paul Davis, their contractor, in the amount of $102,575.69 for building damages and $21,746.68 to pack and store the contents of Plaintiffs' home at the residence (*see* Docs. #46-3 and #46-4).

Defendant maintains that the packing and storing of contents of a residence are items not covered by the SFIP (Doc. #46). In addition, Defendant maintains that other items

in the Davis estimate are not covered by the SFIP, such as painting the ceiling, bringing the slab up to the level, and repairing drywall in the ceiling (Doc. #46 at 7-9; *see also* Doc. #46-3).

In essence, the scope of Plaintiffs' loss, as assessed by Defendant's independent adjuster, varies from that determined by Mr. Davis, Plaintiffs' contractor. Consequently, Defendant maintains that it disagrees as to the scope of the loss covered by the SFIP (Doc. #46 at 16).

Defendant is a Write-Your-Own ("WYO") Program carrier participating in the United States Government's National Flood Insurance Program ("NFIP"), pursuant to the National Flood Insurance Act of 1968, as amended ("the Act"). *See* 42 U.S.C. § 4001, *et seq.* The Motion to Compel Appraisal (Doc. #59-1) is directed against the Standard Flood Insurance Policy issued to Plaintiffs by Defendant through the NFIP. The NFIP was established by Congress, through the National Flood Insurance Act, in order to make "flood insurance coverage available on reasonable terms and conditions to persons who have need for such protection." 42 U.S.C. § 4001(a).

The Director of the Federal Emergency Management Agency ("FEMA") manages the program, controlling the payment or disallowance of all flood insurance claims. *See* 42 U.S.C. § 4017. In addition, claims are paid out of a National Flood Insurance Fund in the United States Treasury. *See* 42 U.S.C. § 4017(a). By statute and regulation, private insurers (such as Defendant) may offer a SFIP under a Write-Your-Own program. *See* 42 U.S.C. § 4051; 44 C.F.R. § 61.13(f); however, all terms and conditions of a SFIP are mandated and controlled by the Act and federal regulations. 44 C.F.R. Pt. 61, App. A.

Write-Your-Own insurers are considered "fiscal agents" of the United States [42 U.S.C. § 4071(a)(1) ], and they must remit all insurance premiums to the Federal Insurance Administrator, excluding funds required to meet current expenditures. *See* 44 C.F.R. Pt. 62, app. A, art. VII(B). Federal law controls disputes over the coverage of insurance policies issued pursuant to the Act and, as a general rule, SFIPs should be interpreted in a fashion that ensures uniform interpretation throughout the country, avoiding state-to-state coverage variances. *See Carneiro Da Cunha v. Standard Fire Ins. Co./Aetna Flood Ins. Program*, 129 F.3d 581, 584 (11th Cir. 1997).[1]

At issue here is the SFIP reported in 44 C.F.R. Part 61, App. A(1), Art. VII (P), which provides either the insured or the WYO Program carrier the option of seeking an appraisal for quantum should a dispute arise. However, Congress expressly limited the application of the appraisal clause to matters where coverage is not at issue and the only dispute remaining between the WYO Program carrier and the insured is the quantum of the loss (*i.e.* when the parties disagree as to the value of a covered item, not when the parties disagree as to whether the subject item is a covered loss). *See Flaharty v. Allstate Ins. Co.*, Case No. 3:09-cv-499-RV-EMT, WL 148226, at *2-3 (N.D. Fla. Jan. 11, 2010); *see also De la Cruz v. Bankers Ins. Co.*, stating,

> The [SFIP] appraisal clause [. . .] [c]annot be stretched to mean that appraisal can be invoked whenever the parties dispute which items of property were damaged or whether those items were in fact damaged by flood waters. That type of dispute is a dispute over coverage, and under the terms of the SFIP such a dispute can only be resolved by a federal district court.

---

[1] It should be noted that, in support of their Motion, Plaintiffs only cited Florida state cases which did not involve Standard Flood Insurance Policies issued through the National Flood Insurance Program (*see* Doc. #59-1).

237 F. Supp. 2d 1370, 1374 (S.D. Fla. 2002).

Since the parties appear to dispute whether items such as painting the ceiling, bringing the slab up to the level, repairing drywall in the ceiling, and the packing and storing of contents of Plaintiffs' residence are covered by the SFIP, the appraisal clause is not implicated here.

For the foregoing reasons, it is hereby **ORDERED**:

Plaintiffs' Motion to Compel Appraisal and Memorandum of Law (Doc. #59-1) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 18th day of June, 2010.

Copies to all counsel of record

*Thomas E. Morris*

**THOMAS E. MORRIS**
United States Magistrate Judge